IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEMRAINE HILL,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 16-3868 |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

Jones, II    J.

**August 1, 2017**

**MEMORANDUM**

Pursuant to 42 U.S.C. § 1983, Plaintiff initiated the present action alleging that he endured hours of interrogation by Philadelphia police officers, during which Plaintiff was choked, slammed on a table, and called a racial slur. Plaintiff claims that the officers violated Plaintiff's constitutional rights, and as a result, the City of Philadelphia is subject to municipal liability for its failure to properly train, supervise, and sanction its police force. The City of Philadelphia filed the present Motion to dismiss Plaintiff's claim of municipal liability on the grounds that Plaintiff fails to identify a municipal custom or policy that led to the violations alleged and a policymaker to whom said custom or policy may be attributed. For the reasons that follow, this Court will **GRANT** Defendant City of Philadelphia's Motion to Dismiss with leave to amend the Complaint within fourteen days of the filing of the Order that follows.

**BACKGROUND**

The following facts are presented in the light most favorable to Plaintiff. On July 18, 2014, the Philadelphia Police Department contacted Plaintiff and instructed him to immediately report to the department's homicide division. (Compl. ¶ 5). The contacting officer warned

Plaintiff that SWAT would be sent to retrieve Plaintiff if he did not come of his own volition. (Compl. ¶ 5).

Plaintiff went to the police station where he met with Lt. Riehl and two other Philadelphia police officers. (Compl. ¶¶ 7-9). Defendant Riehl began the interrogation, forcefully questioning Plaintiff about the facts surrounding a homicide that occurred several years prior. (Compl. ¶ 10). Defendant Riehl and the two other officers then locked Plaintiff in a small room, where the interrogation continued for another two and one half hours. (Compl. ¶ 12). At some point during the interrogation, Defendant Riehl grabbed Plaintiff by his neck and throat, choked him, and slammed him on a table. (Compl. ¶ 13). Plaintiff tried to tell Defendant Riehl that he could not breathe, but Defendant Riehl continued to choke him for some time. (Compl. ¶ 14). As this occurred, one of the other police officers went through Plaintiff's pockets. (Compl. ¶ 15). As Plaintiff was being "manhandle[ed]," Defendant Riehl stated that he did not care if Plaintiff talked because it would be "one less nigger to worry about." (Compl. ¶¶ 15-16). Plaintiff was detained for another five to six hours. (Compl. ¶ 17). In all, Plaintiff was held in police custody from around 11 a.m. until 6:30 p.m. (Compl. ¶ 17).

Based on the above-described conduct, Plaintiff brings suit under 42 U.S.C. §1983 against the City of Philadelphia, Lt. Riehl, and two unnamed police officers for violations of Plaintiff's Fourth Amendment rights. (Comp. ¶ 1). In his claim against Defendant City of Philadelphia, Plaintiff alleges that Defendant City of Philadelphia has been "deliberately indifferent to police practice, patterns, policies and customs" of false arrest and imprisonment and excessive force, and have ignored "the need for more or different training, supervision investigation or discipline". (Compl. ¶ 23). Plaintiff further claims that Defendant City of Philadelphia failed to "properly sanction and discipline its police force, which encouraged

2

officers to violate citizens' civil rights. (Compl. ¶ 24). Defendant City of Philadelphia timely filed a motion to dismiss Plaintiff's claim of municipal liability for failure to state a claim upon which relief can be granted. Presently before this Court is Defendant City of Philadelphia's Motion and Plaintiff's Response thereto.

**LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

**DISCUSSION**

A municipality can be subject to liability under § 1983 for constitutional deprivations that are the result of a failure to properly train or supervise its employees. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (establishing municipal liability for § 1983 violations

generally); City of Canton v. Harris, 489 U.S. 378, 388 (1989) (establishing and defining municipal liability for a failure to train employees); Reynolds v. Municipality of Norristown, No. 15-0016, 2015 U.S. Dist. LEXIS 93766, at *31-32 (E.D. Pa. July 17, 2015) (outlining the requirements for establishing municipal liability for a failure to supervise). To prove municipal liability under Monell for §1983 violations, a plaintiff must establish the following: "(1) the municipality had a policy or custom that deprived the plaintiff of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom." Buoniconti v. City of Phila., 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015) (citing Monell, 436 U.S. at 692-94). Plaintiff claims that as a result of the municipality's deliberate indifference to incidences of intentional false imprisonment, excessive force, and improper interrogation technique, Defendant City of Philadelphia maintained both a policy and custom that resulted in a violation of Plaintiff's constitutional rights. (Compl. ¶ 23). Plaintiff argues that the City of Philadelphia failed to properly train, supervise, and sanction its officers, and must be held liable for the ensuing constitutional violations. (Compl.¶¶ 23-24).

Defendant moves to dismiss Plaintiff's §1983 claim against the City of Philadelphia on two grounds. First, Defendant argues that Plaintiff's Complaint fails to specify a municipal custom or policy that could serve as the basis of the municipality's liability. (Mot., 4). Second, Defendant argues that Plaintiff's claim fails because Plaintiff does not identify an official policymaker to whom the alleged wrongful municipal custom or policy may be linked. (Mot., 6). The Court considers each of Defendant City of Philadelphia's arguments in turn, and for the reasons that follow, the Court concludes that Plaintiff fails to adequately plead municipal liability under §1983 for the alleged constitutional violations he experienced.

4

# I. Plaintiff Fails to Identify a Specific Policy or Custom and Fails to Provide Factual Support to Establish a *Monell* Claim

Plaintiff's claim fails in the first instance because Plaintiff fails to plead facts that establish a municipal policy or custom as the cause of the constitutional violations he experienced. To satisfy the pleading standard, Monell requires the plaintiff to allege facts showing that municipal policymakers established a policy or custom which was the moving force behind the constitutional violation experienced. See Monell, 463 U.S. at 694. A municipal policy exists when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Andrews v. Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990), *superseded in irrelevant part by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. Municipal custom exists where there is a "course of conduct" that has not been endorsed or authorized by law, but is "so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). It is insufficient for a plaintiff to merely state the "phraseology" of an alleged policy or custom if the allegations are unaccompanied by supporting facts. Saleem v. Sch. Dist., No. 12-3193, 2013 U.S. Dist. LEXIS 152740, at *9 (E.D. Pa. Oct. 24, 2013). Pleadings that are "bereft of any assertions of relevant facts," containing only the "plaintiff's bare allegations…are insufficient to show his entitlement to relief." Id. at *9. To survive a motion to dismiss, the plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).

Parties have successfully used the following types of factual allegations to identify the custom or policy implicated by a plaintiff's Monell claim: specific reference to "multiple incidents" where police officers used excessive force and were reckless in their use of batons, Harris v. City of Philadelphia, 171 F. Supp. 3d 395, 401–02 (E.D. Pa. 2016), references to a

report prepared by the Department of Justice concluding the defendant's defensive tactics training was deficient, Id.; repeated citations of incidences of police inaction and failures to investigate reports of police brutality, Simpson v. Ferry, 202 F. Supp. 3d 444, 452 (E.D. Pa. 2016); and statistical analysis of the number of lawsuits brought against the defendant police department for use of excessive force. Id. at 453.

Plaintiff's Complaint contains none of the aforementioned facts. Plaintiff makes the conclusory allegation that the City of Philadelphia maintained a custom or policy of failing to train and supervise its officers, but provides no factual information in support thereof. (Compl. ¶¶ 23-24). Aside from a boilerplate recitation of the Monell factors, Plaintiff fails to allege any facts that provide support for the claim that a municipal custom or policy exists, much less that an official custom or policy caused the harm alleged here. Plaintiff's claim fails to sufficiently plead the existence of a specific policy or custom that precipitated the alleged constitutional violations. For this and the reasons that follow, Defendant's Motion to dismiss Plaintiff's claim for municipal liability under Monell is granted.

## II. **Plaintiff Fails to Allege or Identify a Municipal Policymaker in the *Monell* Claim**

Even if Plaintiff sufficiently pleaded the existence of a municipal policy or custom that would support the imposition of municipal liability, Plaintiff's claim against the City of Philadelphia necessarily fails because Plaintiff does not identify or allege a municipal policymaker or decisionmaker who was aware of or directed the municipal policy or custom at issue. To establish municipal liability, Monell requires a plaintiff to demonstrate that an official who has policymaking authority is responsible "for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d at 850 (citing Andrews, 895 F.2d at 1480). Absent identification of one such "decisionmaker possess[ing] final

authority to establish municipal policy," a plaintiff cannot establish that, as a matter of law, the City of Philadelphia should be subject to § 1983 liability. Andrews, 895 F.2d at 1480.

Plaintiff's allegation that the City of Philadelphia was "deliberately indifferent" to the wrongful policies and customs underlying the alleged constitutional violations does not sufficiently identify a policymaker for the purposes of Monell. McTernan, 564 F.3d at 659 (holding that the plaintiff's Monell claim failed because the plaintiff too broadly plead the defendant municipality's liability and did not identify a final policymaker such as "the Mayor or Police Chief"). It is equally untenable for Plaintiff to attempt, through his Response in Opposition to the present Motion, to identify a policymaker when one such identification is conspicuously absent in the Complaint. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Monell and its prodigy are clear that only those municipal officials who have final policymaking authority may by their actions subject the government to §1983 liability. See Monell, 423 U.S. at 694; Andrews, 895 F.2d at 1480; Buoniconti, 148 F. Supp. 3d 425, 437 (E.D. Pa. 2015). Plaintiff's failure to allege the existence of a policymaker responsible for the official policy or complicit in the official custom underlying the alleged harm is fatal to its claim against the City of Philadelphia.

**CONCLUSION**

Plaintiff's §1983 claim against the City of Philadelphia fails to satisfy the standard for alleging municipal liability under Monell. Plaintiff fails to adequately plead the existence of an official custom or policy to which the alleged constitutional violations can be attributed, and fails to identify a policymaker responsible for the custom or policy at issue. For the foregoing reasons this Court grants Defendant City of Philadelphia's Motion to dismiss Plaintiff's claim for

7

municipal liability. Plaintiff is granted leave to amend within fourteen days of the filing of the corresponding Order that follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.